[Civ. No. 3286.   Third Appellate District.—June 14, 1927.]

GEORGE McCAMISH, Appellant, v. W. R. GROFF et al., Respondents.

[1] Negligence—Employer and Employee—Defective Machinery—Personal Injuries—Pleading—Complaint.—In an action for damages by an employee for personal injuries sustained while operating a tractor, a complaint which failed to allege that the injury resulted from the operation of the tractor in its defective condition, but that plaintiff was injured at a time when the tractor was stopped and he was engaged in the simple work of cleaning the tiller wheel with an iron crowbar, did not state a cause of action.

(1) 39 C. J., p. 934, n. 53.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Atran & Sheets for Appellant.

Thos. Rutledge for Respondents.

FINCH, P. J.—The complaint alleges that the plaintiff was employed by the defendants, ''during the night shift,''

as engineer and operator of a seventy-five horse-power
tractor; that the "tractor was guided by a tiller wheel,
which moved to the right or left as the operator gave the
direction in a circular frame to which was attached a
scraper, devised for the purpose of scraping and keeping
clodded dirt, weeds, stones, straw, and other obstructions
from sticking to the steel tread surface of said tiller wheel";
that, at the time of the injury complained of and for a long
time prior thereto, "said scraper was broken, destroyed
and no longer in use upon said tractor, all of which was
known at said time to the defendants"; that the "defend-
ants did prior to and at the time the injury . . . was re-
ceived, carelessly and negligently require, permit and cause
said Geo. McCamish . . . to operate said tractor in said
defective condition and at such times as said tiller wheel
ceased to revolve or turn and became clogged, as aforesaid
by reason of clodded dirt, weeds, straw, stones, and other
obstructions clinging thereto, to remove and pry the same
from said tiller wheel by the use and aid of an iron crow-
bar"; that the "tractor in said defective condition was ex-
tremely dangerous, unsafe and hazardous to operate" and
when the tiller wheel so became clogged it was necessary
"that the operator immediately stop said tractor and go
around in front of same and lean over the circular frame in
which said tiller wheel turned and revolved and by the
use of, and holding a crowbar jam said crowbar into the
clogged dirt, weeds, straw, stones, and other obstructions
caked and sticking to the steel tread surface of said tiller
wheel and pry, dig and scrape said clogged dirt, weeds,
straw, stones, and other obstructions therefrom, in the
nighttime when said cleaning and scraping of said tiller
wheel could be seen only dimly and with great difficulty, and
in so doing the operator was apt to jam the metal crowbar
into the metallic portion of said tractor and said tiller
wheel, thereby causing steel splinters to fly back into the
face and eyes of said operator, . . . all of which at said time
was well known to the said defendants"; that at the time
of the injury "the defendants negligently and carelessly
permitted, caused and required said Geo. McCamish to
operate said defective tractor, . . . and upon said tiller
wheel becoming clogged, . . . to get off from said tractor,
go around in front thereof and with an iron crowbar in his

hands, in the darkness of the nighttime, to lean over the circular frame in which said tiller wheel moved, and to pry, dig and scrape said clodded dirt, weeds, straw, stones and other obstructions from the steel tread surface of said tiller wheel and in so doing a splinter of steel was torn loose from the said metallic running tread of said tiller wheel and deflected and ricocheted into the left eye of the said Geo. McCamish thereby causing him to lose his sight in said left eye and to lose partial sight in his right eye.''

The defendants demurred to the complaint on the grounds of insufficiency of fact to state a cause of action and uncertainty as to the manner in which the defendants' alleged negligence contributed to the injury. The trial court sustained the demurrer and gave the plaintiff ten days in which to amend. The plaintiff elected to stand upon the complaint and a judgment of dismissal was entered. This appeal is from the judgment.

[1] The only ground urged for a reversal of the judgment is that ''the failure of the defendants to keep in use and repair the scraper device was the proximate cause of the injury.'' In sustaining the demurrer, the trial court said: ''The improperly equipped machine was being worked and no accident occurred in the working, but the machine was stopped as to its working and the operator was doing an independent act and while doing this independent act was then injured.''. It is alleged that it was ''extremely dangerous, unsafe and hazardous'' to operate the tractor in its defective condition, but there is no allegation that any injury resulted from such operation. If it be conceded that the defendants were negligent in failing to equip the tractor with an effective scraper for the tiller wheel, ''there is an entire absence of a sequential relationship of cause and effect between this negligent omission and the injury.'' (*Marovich* v. *Central California T. Co.,* 191 Cal. 295, 303 [216 Pac. 595, 599]; *Lammers* v. *Pacific Electric Ry. Co.,* 186 Cal. 379, 385 [199 Pac. 523]; *Schwartz* v. *California Gas etc. Co.,* 163 Cal. 398, 402 [125 Pac. 1044].) The injuries involved in the cases relied on by appellant resulted directly from the operation of defective machines or instrumentalities. In this case the alleged danger and hazard of operating the tractor in its defective condition ceased with the cessation

of its operation, and at the time of the injury the plaintiff was engaged in the simple work of cleaning the tiller wheel with a simple tool.

The judgment is affirmed.

Thompson, J., *pro tem.*, and Plummer, J., concurred.